NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NATALIE GREEN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2018-2264

---

Petition for review of the Merit Systems Protection Board in No. CH-0841-18-0317-I-1.

---

Decided: April 4, 2019

---

NATALIE GREEN, Maywood, IL, pro se.

SARA B. REARDEN, Office of General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH, TRISTAN LEAVITT.

---

Before DYK, CLEVENGER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Natalie Green appeals the Merit Systems Protection Board's ("the Board") final decision dismissing her appeal for lack of jurisdiction. *See Green v. Office of Pers. Mgmt.*, No. CH-0841-18-0317-I-1 (May 30, 2018). Because the Board correctly concluded that it lacked jurisdiction to review the Office of Personnel Management's ("OPM") non-final decision, we *affirm*.

BACKGROUND

On January 23, 2018, Ms. Green received a letter from OPM informing her that there was a discrepancy between her earned income for 2016 reflected in her OPM disability files and the earned income for that same year reflected in the Social Security Administration's ("SSA") earning files. According to OPM, Ms. Green's 2016 income, as reported by the SSA, exceeded the limit on the amount of income she could earn while still remaining eligible to receive disability retirement benefits from OPM. OPM therefore informed Ms. Green in its January 23, 2018 letter that, if OPM's determination was correct, she may not be entitled to continue receiving disability retirement benefits. The letter noted that Ms. Green had thirty days to dispute OPM's determination by mailing to OPM copies of her 2016 W–2, her spouse's W–2 for that year if she filed jointly, complete copies of her federal income tax returns for that year, and any additional documents she deemed helpful.

Ms. Green responded to OPM's letter on February 23, 2018, explaining her income in 2016 and providing the requested documents and information. On March 12, 2018, OPM notified Ms. Green that it reviewed her case folder and concluded its initial determination would stand. Thus, OPM informed Ms. Green that her disability annuity, life insurance, and health benefits would be discontinued. OPM's March 12th letter referred Ms. Green to the RI 30–9 form included with the January 23rd letter which, according to OPM, would "guide" Ms. Green on her "rights

and responsibilities for reinstatement of [her] disability annuity." J.A. at 42.

On April 17, 2018, OPM mailed Ms. Green a letter "follow[ing]-up" on its initial letter. J.A. at 15. The letter reiterated that Ms. Green was no longer entitled to receive disability retirement benefits, and explained that, because her annuity was not terminated until April 9, 2018, she received an overpayment that she would have to pay back to OPM. The letter gave Ms. Green the "option to make repayment, or request reconsideration, waiver or compromise of [her] debt" within thirty days of the letter date, and it included an attachment detailing how to request reconsideration from OPM. On May 16, 2018, Ms. Green sent OPM a letter exercising her right to reconsideration.

On April 11, 2018, six days before receiving OPM's April 17th letter, Ms. Green filed an appeal with the Board's Regional Office, disputing OPM's decision to terminate her disability annuity payments. The administrative law judge ("ALJ") assigned to Ms. Green's case issued an Acknowledgment Order in response to Ms. Green's appeal, which informed Ms. Green that she had a right to a hearing if her appeal was timely filed and was within the Board's jurisdiction. OPM was ordered to submit the agency file pertaining to Ms. Green's case. The Government did not respond to the ALJ's order by the required date.

The ALJ issued a second order to OPM to submit its agency file no later than May 19, 2018. The ALJ also ordered Ms. Green to file evidence proving that the action was within the Board's jurisdiction by May 25, 2018.

OPM responded to the ALJ's second order on May 16, 2018, attaching the agency file and informing the ALJ that it had not yet issued a final decision in the matter regarding Ms. Green. OPM stated that it had issued an initial decision to Ms. Green on April 17, 2018, but it had yet to receive a request for reconsideration. It thus moved for dismissal of Ms. Green's appeal for lack of jurisdiction because

OPM's decision in the matter was not final, and, as of the date Ms. Green filed her appeal, OPM did not have the opportunity to consider the issues raised by Ms. Green in either an initial or final decision.

On May 25, 2018, Ms. Green responded that the March 12, 2018 letter from OPM constituted a final decision, but she requested more time to prepare an adequate response to both the Board's order and OPM's motion to dismiss.

The ALJ issued an Initial Decision on May 30, 2018, dismissing Ms. Green's appeal for lack of jurisdiction. The ALJ noted that it had jurisdiction over OPM determinations regarding the Federal Employment Retirement System ("FERS") only after OPM issues a final, appealable decision. Because Ms. Green filed her appeal before obtaining a final, appealable decision, the ALJ found the appeal "clearly . . . premature." J.A. at 4–5. In a footnote to its decision, the ALJ denied Ms. Green's request for an extension of time because it had given her "more than six weeks . . . to submit proof of a final decision" and "the record clearly reflect[ed] that the agency ha[d] not yet issued a final decision." J.A. at 5 n.3. When Ms. Green did not file a petition for review, the ALJ's Initial Decision became the Board's final decision thirty-five days after issuance. *See* 5 U.S.C. § 7701(e)(1); 5 C.F.R. § 1201.113.

On August 16, 2018, OPM issued its reconsideration decision affirming the initial determination that Ms. Green was ineligible for disability annuity and that she was overpaid $12,664.22 in FERS annuity benefits. OPM's decision explicitly noted that it "constitute[d] the final decision of OPM" and it detailed Ms. Green's right to appeal to the Board. J.A. at 53. Ms. Green's separate appeal of OPM's August 16, 2018 reconsideration decision is currently pending before the Board. *See Green v. Office of Pers. Mgmt.*, No. CH-0845-18-0576-I-1.

We have jurisdiction over Ms. Green's appeal pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We will set aside the Board's decision only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The Board's jurisdiction to adjudicate a case is a question of law, which we review *de novo*. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). Ms. Green has the burden of establishing the Board's jurisdiction to hear her case. *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998).

The Board has jurisdiction to review "an administrative action or order affecting the rights or interests of an individual or of the United States under the provisions of [FERS as] administered by [OPM]." 5 U.S.C. § 8461(e)(1). Typically, the Board assumes jurisdiction over a FERS appeal from OPM only after OPM issues either a reconsideration decision under 5 C.F.R. § 841.306, or an initial decision without reconsideration rights under 5 C.F.R. § 841.307. *Okello v. Office of Pers. Mgmt.*, 120 M.S.P.R. 498, 502 (M.S.P.B. Jan. 16, 2014). The Board will also take jurisdiction over a FERS appeal, despite the lack of a reconsideration decision or an initial decision without reconsideration rights, when OPM has "refused to issue a reconsideration decision" or "improperly failed to respond to the appellant's repeated requests for a decision on his [or her] retirement application." *McNeese v. Office of Pers. Mgmt.*, 61 M.S.P.R. 70, 74 (M.S.P.B. Feb. 24, 1994), *aff'd sub nom.*, *McNeese v. Merit Sys. Prot. Bd.*, 40 F.3d 1250 (Fed. Cir. 1994).

Before the Board, Ms. Green argued that OPM's March 12th letter constituted a final, appealable decision. To support that same argument on appeal, Ms. Green cites to Board precedent for the proposition that "[a]n OPM letter notifying an annuitant that his annuity payments are

being suspended is tantamount to an appealable reconsideration decision." Pet'r's Br. at 1 (citing *Johnson v. Office of Pers. Mgmt.*, 113 M.S.P.R. 118, 123 (M.S.P.B. Jan. 13, 2010)). But *Johnson* is distinguishable.

In *Johnson*, the Board determined it had jurisdiction despite the lack of a reconsideration decision because OPM never answered appellant's letter requesting information regarding his appeal rights and OPM never indicated, either before or during the appeal to the Board, that it planned to take further action in the appellant's case. 113 M.S.P.R. at 123. The Board noted that they had previously exercised jurisdiction under similar circumstances where OPM effectively circumscribed an annuitant's appeal rights by failing to adjudicate his claim to a final, appealable decision. *Id.*

Here, Ms. Green never sent a letter to which OPM failed to respond. As the Board noted, OPM also never indicated that it did not intend to take further action. Indeed, OPM sent a letter to Ms. Green on April 17, 2018, six days after she filed her appeal with the Board, notifying her of the right to request reconsideration of the decision to terminate her disability retirement benefits.

Moreover, Ms. Green cannot purport to suffer any harm as a result of OPM's or the Board's actions. After receiving OPM's April 17th letter, Ms. Green exercised her right to reconsideration as outlined in that letter. On August 16, 2018, OPM issued its final decision which noted Ms. Green's right to appeal the decision to the Board within thirty days of the letter date. Ms. Green's appeal from OPM's August 16th decision is currently pending before the Board. *See Green v. Office of Pers. Mgmt.*, No. CH-0845-18-0576-I-1. The precise remedy she seeks before this Court—the right to appeal OPM's termination of her annuity benefits to the Board—is one she already received.

In Ms. Green's Amended Memorandum in Lieu Of Oral Argument, she contends that she was "forced to respond"

to the April 17th letter, and did so only to "preserve her Due Process Rights." Am. Mem. in Lieu of Oral Arg. at 5 (March 22, 2019). She argues that the April 17th letter afforded her an option to request reconsideration of the $12,664.22 she owed to OPM for total gross annuity overpayments. She does not believe it afforded her the right to request reconsideration of the decision to terminate her disability retirement benefits. She believes, therefore, that despite the April 17th letter, OPM's March 12th letter still constituted a final decision to terminate her disability retirement benefits from which she could appeal to the Board.

Ms. Green's characterization of the April 17th letter is inaccurate. The letter specifically mentions OPM's decision to terminate Ms. Green's disability retirement benefits. The additional discussion regarding annuity overpayments is based on the fact that she is no longer entitled to receive disability retirement benefits under FERS. The document attached to the April 17th letter, which explains Ms. Green's right to request reconsideration of OPM's decision, further states that she is entitled to request reconsideration if she "object[s] to OPM's decision to hold [her] responsible for the repayment of the debt." J.A. at 17. Of course, inherent in an objection to OPM's decision to hold her responsible for repayment of the debt is the decision to find her ineligible to receive the annuity payments in the first place. It was therefore the April 17th letter that afforded her the right to request reconsideration of OPM's decision to terminate her FERS benefits. The March 12th letter had no effect on her right to appeal to the Board.

Ms. Green's other arguments are unavailing. Ms. Green contends that OPM's failure to respond to the Board's Acknowledgement Order affected the Board's ability "to hear [a]ll of the [r]ecord of [m]aterial [f]acts and [e]vidence at [i]ssue." Pet'r's Br. at 17. But, OPM responded to the Board's second order two days after it was issued, attaching the required agency file. Additionally,

Ms. Green does not specify any material facts or evidence missing from the record that would have changed the Board's determination on the jurisdictional issue.

Ms. Green also argues that the Board prevented her from submitting "[m]aterial documentation and factual information related to [the] case" when it denied her request for an extension of time. *Id.* at 16-17. Ms. Green does not argue, nor could she, that she would have been able to produce evidence of a final decision from OPM had the Board granted her request. As the Board noted in its opinion, it gave Ms. Green "more than six weeks . . . to submit proof of a final decision" and "the record clearly reflect[ed] that the agency ha[d] not yet issued a final decision." J.A. at 5 n.3. The Board did not err in denying Ms. Green's request.

We therefore *affirm* that Board's dismissal of this case for lack of jurisdiction.

## AFFIRMED

Costs

No costs.